IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ETTEM USA, INC. | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. G-05-325 |
| KOLLMORGEN CORPORATION | § | |
| Defendant. | § | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FRAUD CLAIMS**

This case arises out of the alleged conversion of Plaintiff's proprietary business information concerning the design and manufacture of parts related to rotary seals used in conjunction with submarine periscopes by Defendant. Now before the Court comes Defendant's Motion to Dismiss Plaintiff's Fraud and Punitive Damages Claims for Failure to Plead Fraud with Particularity. For the reasons stated below, Defendant's Motion is respectfully **DENIED**.[1]

**I. Background**

This is a conversion dispute brought by Plaintiff Ettem USA, Inc. ("Plaintiff") against Defendant Kollmorgen Corporation ("Defendant"). Beginning in March 2000, Plaintiff and Defendant entered into an agreement whereby Defendant contracted for and received Plaintiff's expertise with respect to the engineering, design and manufacture of parts used in rotary seals for

---

[1] This motion certainly does not rise to a subterfuge, but we must, nevertheless, torpedo it.

1

submarine periscopes. Plaintiff alleges that in the years following the initial agreement, it became Defendant's regular vendor for the PMP Rotary Seal, as well as providing other products and services on a regular basis.

Plaintiff alleges that over the course of the business relationship, Defendant repeatedly requested that Plaintiff perform extra work without immediate compensation by promising and representing that such costs would be made up over time through future government procurement work. Plaintiff further alleges that Defendant sought to achieve such knowledge of Plaintiff's expertise such that it was able to use Plaintiff's proprietary information and trade secrets in house, and thereby terminate its relationship with Plaintiff. Plaintiff claims that Defendant fraudulently elicited Plaintiff's assistance, professional judgment, expertise, products, and proprietary engineering information, all the while promising that their business relationship would continue into the future, while actually intending to terminate the relationship once Defendant had obtained Plaintiff's proprietary information.

Plaintiff now brings claims for conversion, fraud and punitive damages against Defendant. Defendant argues that Plaintiff's fraud and punitive damages claims are barred for failure to plead with particularity as required by Fed. R. Civ. P. 9(b), and it seeks dismissal of those claims.

**II. Legal Standard**

Rule 9(b) provides, ""In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Although what constitutes "particularity" differs with the facts of each case, the Fifth Circuit has interpreted Rule 9(b) to require that plaintiffs allege, at a minimum, the particulars of "time, place, and

contents of the false representations, as well as the identity of the person making the representation and what [that person] obtained thereby." *Williams v. WMX Techs.*, 112 F.3d 175, 177, 178 (5th Cir. 1997) (quoting *Tuchman v. DCS Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)) (alteration in original); *see also Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992). However, the "defendant's knowledge of the truth and intent to deceive . . . may be pleaded generally." *Id*.

Rule 9(b) exists to eliminate "general, unsubstantiated charges of fraud that can do damage to a defendant's reputation." *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir. 1993) (citing *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992)). A plaintiff's conclusory allegations of fraud are generally insufficient. 845 F.2d 1360, 1365 (5th Cir. 1988). Rule 9(b) must be read as part of the entire set of Rules of Civil Procedure, and courts must give plaintiffs a "fair opportunity to plead." *Williams*, 112 F.3d at 178.

If a plaintiff fails to allege fraud with sufficient particularity, the defendant may move for dismissal for failure to state a claim under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6); *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997). The Court must follow the general rules for a 12(b)(6) motion: the Court must accept the facts alleged in the complaint as true and view all contested issues of fact in the light most favorable to the plaintiff. *See Abrams v. Baker Hughes, Inc.*, 292 F.3d 424, 430 (5th Cir. 2002). When a motion based on a lack of sufficient particularity under Rule 9(b) is granted, whether or not coupled with a motion to dismiss, it should be with leave to amend the deficient pleadings. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (2000); *Blackmon v. Am. Home Products Corp.*, 328 F. Supp. 2d 659, 667–68 (S.D. Tex. 2004).

**III. Analysis of Whether the Fraud Claim Alleges Sufficient Particularity**

*A. Time*

Plaintiff states that at the end of March, 2000, the parties executed a Design Disclosure Agreement, which identified Plaintiff's proprietary information and trade secrets, including designs, drawings, and other engineering data dealing with rotary mast seals for various classes of submarines.  Plaintiff alleges that during the ensuing years Defendant requested extra work by the Plaintiff, but instead of paying for the additional work, Defendant promised that their business relationship would continue into the future.  The facts indicate that the misrepresentations were ongoing over ths period of time.  These allegations give Defendant notice that it must consider a time period beginning in March 2000 until the end of its business relationship with Plaintiff.  Although Plaintiff does not specifically identify or approximate precisely when these promises were made, the factual allegations of the Complaint provide Defendant with a specific enough time frame such that it is able to understand the nature of the claim against it, prepare responsive pleadings, and prepare a defense.  *See* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1296 (3d. ed. 2004).

*B. Place*

In its Complaint, Plaintiff does not explicitly allege where the supposed fraud took place. However, Plaintiff in its Response states that the parties conducted their business in two settings, Kemah, Texas and Northhampton, Massachusetts.  Generally, a plaintiff must allege the "where" of the alleged fraud.  However, it must be kept in mind that 9(b) is context-specific and that it must be read as part of the entire set of the Rules of Civil Procedure, and that it does not "reflect a subscription to fact pleading."  *Williams*, 112 F.3d at 178.  Given the specific and narrow

business relationship between the parties, as well as the finite locations where the Parties conducted business with one another, it is clear that the Defendant has notice of "where" the alleged fraud took place, even if Plaintiff did not technically plead it.

*C. Content*

While Plaintiff has not provided the exact words spoken by Defendant, Plaintiff has identified the content of the alleged misrepresentations with sufficient specificity. Plaintiff has described the nature of the allegedly fraudulent misrepresentations with sufficient particularity such that Defendant is able to understand the nature of the claim against it, including the alleged misrepresentation at issue, and will be able to produce responsive pleadings and prepare its defense.

*D. Identity of Speakers*

Plaintiff has not named the speakers of the alleged misrepresentations. However, like the location of the alleged fraud, the facts set forth in the complaint demonstrate that the business relationship between Plaintiff and Defendant was a narrow one, for specific services and for specific products. The Defendant has received adequate notice of the nature and grounds of the claim, and will not be conducting a blind search in determining who it should depose and what employees it should speak to for preparation of its defense.

*E. What the Defendant Gained*

Plaintiff alleges that as a result of its fraudulent conduct, Defendant gained its proprietary business information under false pretenses and without having to pay the full value for their information and services. Essentially, Defendant obtained information and services that it would

not otherwise have received, and with no remuneration to Plaintiff.  This has been alleged with necessary specificity.

The Court finds that Plaintiff is not attempting to make a general claim with the purpose of fishing for illegal or tortious activity, and while Plaintiff's Complaint could provide more specificity in several respects, it provides Defendant with a sufficient picture of the allegations against it.  *See Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994).

### IV. Punitive Damages

In addition, Defendant claims that since Plaintiff failed to plead the fraud claim with sufficient particularity, the punitive damages claim must fail for failure to state a claim for which relief in the form of punitive damages can be granted.  Although Plaintiff could have provided more specificity with respect to its Complaint, it is sufficiently particular to provide Defendant notice of the claims against it.  Since the fraud claim is sufficient, the punitive damages claims will not be dismissed.  The Court notes that it views punitive damages with apprehension, but to dismiss such claims at this early juncture would be inappropriate.

### IV. Conclusion

Viewing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has met the requirements of Fed. R. Civ. P. 9(b) as to his fraud claim, and as such, his punitive damages claim also stands.  Therefore, Defendant's Motion to Dismiss Plaintiff's Fraud and Punitive Damages Claims for Failure to Plead Fraud with Particularity is hereby **DENIED**.  Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 29th day of October, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge